please be seated your honor is the third case good morning call 211-1064 people in the state of Illinois versus Vincent Reyna on behalf of the appellant Mr. Tara Shaw on behalf of the people Mr. Marshall Steeves good morning counsel Mr. Shaw good morning may it please the court my name is Eric Shaw I represent Vincent Reyna the defendant appellant at this time if I could reserve two minutes for rebuttal you may although I think you have longer than that you have five oh terrific thank you Vincent Reyna is a 17 year old boy who was convicted of first degree murder in 1989 he had an eighth grade education and was a poly drug abuser he was sentenced to 65 years after being informed by counsel that the his trial counsel that the sentencing range was 20 to 40 years for first degree murder this appeal now stems from the denial of the post-conviction courts of his successive post-conviction petition at third stage evidentiary hearing on October 6 2011 is the issue so much as what he was advised by his counsel up or what the court advised him up after the 402 hearing I believe that it's it's both uh your honor um on one hand his counsel was ineffective and his counsel's performance was deficient and fell below an objective standard of reasonableness according to the test in Strickland versus Washington and the Illinois Supreme Court people versus Hodges well there's a two two-part analysis to that as you know there's whether or not the defendant's defense counsel's um his representation of the defendant fell below the objective standard of reasonableness but then you also have a prejudice component to that and if there was no prejudice to the defendant I mean airbo you're not going to find an effective assistance correct that's correct but there was in fact uh prejudice let me get to this issue that's I think the overarching issue I don't think there's any question I'll be surprised if the state argues that defense counsel did not misadvise the defendant of the range let's assume for the sake of the argument that's true the court conducted a hearing in the state's position is I believe going to be notwithstanding that the court concluded after the hearing of witnesses that the defendant was aware of the fact and was told that the cap was 80 years so if and the court did this on a credibility finding which I think makes it somewhat difficult hurdle overcome the court found based on the credibility of the witnesses that the defendant was aware of an 80 year old cap so how is the fact that defense counsel may have misadvised him as to the range prejudice the defendant if he's told as a matter of fact that the range is up to 80 years well this ties into Vincent Reina's state of mind at the time he was a young boy he was a drug abuser he didn't have a proper education or he had dropped out of school in the eighth grade these proceedings all occurred on the morning of trial they went into a 402 conference his attorney the prosecutor and the judge the judge recommended an open plea with a cap of 80 years as you said they immediately came back into the courtroom Vincent testified that he was told that you know we've reached this we've reached an agreement just say yes when you approach the court he had very little idea of what was going on and the ultimate goal was I believe he stated or his trial counsel stated at the evidentiary hearing that the goal was to get him out at a certain age that he would reach after spending so many years in prison he was under the belief that he could receive no more than a 40 year sentence and likely lower because he cooperated I say cooperated but he the court would be lenient because he entered into it and that's based on the mistaken belief correct based on the representations of his attorney correct and so the prejudice occurred because he knew that if he were to go to trial and lose he could only receive this maximum of or that's assuming that he didn't know of the cap of 80 years your argument is interrelated and if the foundation is faulty then the argument is going to have a problem with it okay you're assuming that he only knew based on what the defense counsel told him but the issue in the case is found by the trial court is was he aware of the 80 year sentencing cap notwithstanding what the defense attorney told him was he advising that was he advised the trial court yes found that he was in this case based on the testimony of assistants former asa strickland and adair so i think that's what you need to address to us well but let me ask her and if you don't mind with regard to this prejudice issue um i mean doesn't people versus risley it doesn't our supreme court tell us that you need to show more than just that the defendant would have gone to trial but for counsel's erroneous advice you have to show that either the defendant had to allege either that he was innocent or he had some plausible defense that he could have raised at trial i think mr reina did show in fact that perhaps it would be much more on the mitigation side that if he were to proceed to trial and lose he had sufficient mitigation evidence uh that he could have presented it sentencing uh to receive a sentence that theoretically would have been much lower than an 80 year cap that he was presented because he was unaware and because the court never advised admonished him of the extended nature of the sentencing that he could in fact receive a sentence of up to natural life if the crime was found to be a brutally brutal or heinous behavior indicative of wanton cruelty but now the court doesn't have to use the term pursuant to the i mean as justice hudson pointed out this defendant had heard and knew 80 years so just because the the words extended term weren't used doesn't mean that there was no compliance with the statutory requirement right that's correct but these terms all came from trial counsel and from uh defense counsel and i think that that ties into the state's attempt to rebut the argument by claiming that vincent was told he could be facing life or that he had been offered 100 years at some point uh and that's simply not sufficient i think the case law in people versus trigger which held that which held that the trial court's duty can't be delegated to counsel to admonish the defendant of well it wasn't though in this case because we we don't seem to be reina misadvised him and gave him some erroneous information on the sentencing cap the court found here specifically based on the testimony of the asa is that the judge advised the defendant of the sentencing cap which was 80 years so if the judge does that okay let's say does it really matter what defense counsel told him because then then you would have the law would depend on what defense counsel told him that the judge's admonishments would be relevant in an exercise of futility so tell us why you know if the judge tells him 80 years that doesn't trump and override what the defense counsel tells him we know he misadvised him convince us that the judge never advised him of the sentencing cap counsel are you relying on pew case the case of uh people versus pew where you're saying that for counsel's unprofessional error your client would have rejected the plea and gone to trial so he was relying on what your client what his lawyer told him well i think that's exactly right his reliance was completely on what his attorney told him because he was unaware he was prejudiced because but but what justice hudson is saying then even if his attorney unimproperly advised him didn't he hear the judge give him an 80-year cap i believe that mr reina testified that he was unaware of any 80-year sentencing cap because of the nature of how the 402 conference occurred how it happened right there in the courtroom that morning how he felt bullied and forced into he felt forced into a plea that was rushed in the in the gallery of the courtroom his attorney quickly came out of a 402 conference and it's my understanding that vincent did not believe that he was ever advised to an 80-year sentencing cap he approached the he approached the bench was told to simply say yes when the judge asked him the questions uh of admonishment um but then we have here so then let's move forward we have a hearing if the second stage third stage we have a hearing wherein strickland testifies that indeed in fact the judge admonished him of an 80-year cap and then mr adair says no he never advised him of that so then the trial court judge phillips at the time at this hearing has to the defendant was advised that there's an 80-year cap correct correct so what is our standard of review and reviewing what judge phillips did that's what we're talking about here today right and the standard error there is a standard review excuse me there is whether or not the judge's ruling was manifestly in error and i think based upon all of the information that was before the fact that um the judge relied upon an incorrect sentencing range stated repeatedly by mr adair which the court has agreed uh was a misstatement of the law um i believe that the the court's ruling that stems from that and its reliance on all of these misstatements of the law an incorrect position has to render the trial court's decision manifestly in error because it ended up that there was no credibility issue there was no issue about the believability of the witnesses because everything was internally consistent um all parties agreed that either couldn't recall or nobody stated affirmatively that vincent was ever advised of an extended term possibility well forget about the extended term i mean all right we need to move on but i think the issue is clear that the assistance strickland testified he was told of 80 years you're saying that he was told of another range so it's going to be up to us to decide which trumps the other and again we do have the trial court's finding specifically that he was advised of 80 years would you acknowledge that yes this is also complicated by the missing transcript of the sentencing hearing as you know apparently whatever the proceedings were at the hearing uh uncovered the fact that the notes the transcripts of the hearings had been lost it's on cory porter's house florida we do have a general settled rule however that the appellant has the burden of presenting an adequate record and that is a particular difficult situation from you and i think there's some empathy because you can't provide the actual record because it's gone but how do we then not use that against you under the well-settled principles that normally the failure to produce a record in support of the argument goes against the appellant your honor i feel that uh well there was no bias the normal course of action would have been to prepare bystander report um the parties agreed in this case they were actually that going to agree correct and this should have happened frankly at the appellate stage with trial counsel who is now being alleged was ineffective um there was no bystander report prepared uh so now at this position uh the party's responsibility is to prepare this post-conviction petition based on the recollection of our client uh mr reina and as a result uh you know all we could do was present uh mr reina's thoughts and recollections versus the assistant state attorney correct and and then it really comes down to the ability of the witnesses correct credibility issue that's why i have my question to you is you know it's a credibility issue what is the standard of review with us with respect to credibility issue well whether or not the trial court was manifestly in error um and my my reasoning as to that is that the trial court's reliance on all these other factors which the trial court stated erroneously uh were credibility issues were not in fact because there was no issue of credibility and that everything was internally consistent in the evidentiary hearing so you're saying he should have taken a totality of the testimony yes as opposed to weighing strickland versus adair correct because really when it comes down to it all agreed on the same overarching point that the advisement of proper sentencing range was incorrect and that there was no admonishment of an extended term and i think that trickles down to affect the credibility you said no admonishment of extended term we have to be careful there strickland clearly testified the defendant was advised specifically advised the cap was 80 years correct that is correct and i don't think the case law says the judge says i need to advise you over the extended term use the magical phrase if the judge says the sentencing range is 20 to 80 you think that's all the law requires he doesn't have to talk about an extended term and use that those words doesn't well i my understanding of the statute particularly at the time that if the conviction was by plea it has to appear on the record that the plea was entered with the defendant's knowledge that an extended term meaning the range of years that's what makes up the extended term well a second component of that is that there has to be the actual finding by the court that the crime was committed with brutal or heinous behavior that's got nothing to do with the admonishments that's sentencing yeah i mean that would have been at sentencing what was the original offer prior to this 482 complex vincent testified that it was 100 years so they so then it was his understanding they went from 100 to 40 if i may just finish that um the fact that he was offered 100 years by the state i mean that can't vincent can't reasonably as a eighth grade education 17 year old boy poly drug abuser who's just been told about this in the morning court can't reasonably be expected to be put on notice that a hundred year offer means i'm eligible for extended term sentencing or anything higher than a 20 to 40 year as i was told by my attorney rather it's the duty of the trial court to inform the defendant of the possible maximum and that can't be delegated to counsel in terms of a plea from the state and based upon that we would ask that the courts reverse the trial court's decision to deny the post-conviction petition allowing to withdraw his plea and remand this cause for a new trial thank you counsel you'll have time on rebuttal thank you as a last matter i do have the case law that i did cite i'll give it to the clerk thank you very much he stepped out for a minute but he'll come back and you can uh good morning your honors um let me um get into this by referring uh answering your question about whether or not we would agree about the there was a mistake made yes it was wrong to have said that it was a 20 to 40 year in unextended sentence for murder he should have said 20 to 60 at that time well this time too um the point that we are making is that the defendant was correctly as far as as far as the um involuntariness induced by this incorrect information is that uh as a strickland um did make it clear that he was correctly informed of of the the correct cap um justice enough as you noted there has to be some consequence that um point out later he he knew the minimum um he had all he needed to know this intermediate value was really of no importance in in in that and under strickland you have to show prejudice so it was a mistake but it was a mistake that had no real consequence to it um the prejudice i mean in in making the determination whether or not counsel was ineffective should the trial court have taken into consideration the fact that this was an 18 year old boy with an eighth grade education who had been who had his author thrust upon him that morning in the jury box before he went up to the bench to plead guilty on a murder case should that have been taken into consideration and if so wouldn't that have affected the second prong of uh strickland Mr. Adair said that he he um conferred with the defendant and that he understood after the fact he didn't move to withdraw the plea yeah he understood 20 40 years um is what Adair testified to right but again that that doesn't i don't i don't see how that could possibly have made any difference in his in his in in his calculation no matter how old or young or how sophisticated or unsophisticated really all you care about are the two end points right because really think about this take a step back and look at this from a standpoint if defense counsel gives erroneous advice in a given case to the defendant it would render the judge's admonitions to be irrelevant then that would be the end of the ball game so this is the defense attorney made a mistake in advice there would be no point the judge could never override that seems to be what the defendant's position is correct right he was told of the wrong range therefore whatever happens after that is irrelevant would have to be the worst subject to 20 80 years the defendant says yes that would be an exercise of utility you would have a lot of pretty good ineffective assistance exactly um how about this though counsel the the fact that this record was lost or stolen and i destroyed and i don't see that anybody really brought that up in the briefs wasn't the defendant at an absolute disadvantage with this i did i'm not happy with how i handled that and i apologize to the court by assigning martinez i was trying to get to the point that justice hudson was making that this is like a faucio bryant case that the appellant is is required to bring a record now i understand you know this has been this has been destroyed right and beyond his control it's not like he could be fouched as a result because how how was it within his control that this record was destroyed white out of his control this was the second pc he spent his time on his first pc and i'm not sure the timing but assuming that there was a record available it would have been apparent on the face of that record if that had been brought at that time um i do point out that as a subsequent pc the defendant waived all issues including constitutional issues not raised in the prior post-conviction he had the opportunity at that time so that's that's a partial um do we know that at that time that record was not destroyed that says that's why i put in a very big caveat i don't know if that was the case um i would point out too that there are there are indications in this record um that uh the defendant was correctly admonished by the judge um the uh clerk's notes state that the defendant enters negotiated plea of guilty to the charge of murder and manner informed charged yada yada the effects and consequences of said plea are explained and persisted in um that's at c71a which is pretty uh prominent in my response at page 13 of the responsive brief i'd also point out that mr adair also said um at page 218 r 218 the judge told defendant the possible penalties for the events charged so you've got this presumption there you're saying the defendant should have to come forward to overcome it yes as they normally would showing it's contradicted by the record yes but but the clerk's notes don't say anything with respect to years right they don't get into something range that's true oh i mean they don't get into anything like negotiated plea of guilty with a cap of 80 well no they don't but um let's get into another issue that i think is important justice you know i've alluded to this let's even assume for the sake of the argument as it were that the defendant it makes the argument that but for the mistaken advice he would have insisted on going to trial okay let's let's say that that is correct and we find mistaken advice is that sufficient to establish the strickland prejudice requirement because the case law seems to say that the appellant's representations on that issue standing alone unaccompanied by either a claim of actual innocence or the articulation of a plausible defense that he would have raised the trial would be insufficient even if there was the mistaken advice is that your understanding of the law but do you need that standard or that that second prong in strickland when it's a plea of guilty it's a different standard for a plea of guilty i don't think so when you're pleading guilty you look at the pew standard and it's it's different than you know do you have the sufficient facts to find you not guilty it's more but for the improper advisors would you have persisted in your plea of guilty that's different isn't it yeah i guess i would leave it under that standard you still have to show why not knowing that that little 20 year slice in between um 20 i guess and 100 is significant and why it would have changed because money and it just doesn't there are no further questions okay thank you thank you very much mr shot your honor if i could just uh address a couple of points very briefly um as to the prejudice element the second element of the strickland test and the pew standard uh that but for the improper advisors of counsel he would not have persisted in his plea of guilty i think the state's assertion that it just doesn't apply isn't really acceptable in this case uh vincent's testimony though concise that he would not have gone to trial if he knew i think speaks volumes um he would not have gone to trial i mean he would have not pardon me he would have not pled guilty and instead chosen to go into trial speaks volumes um his testimony prior to that indicated as i said that he was anticipating uh and this is through conversations with his counsel that the plea of guilty that he took would have placed upon him a sentence of a number of years that would get him out of prison at a certain age i think it was 50 by the time he's 50 years old he would be out um so by this now finding out that what's happening i've been sentenced now to 65 years this is outside of the range that i was advised by my attorney i didn't know that i was eligible for this extended term uh i think his simple statement of no i wouldn't have gone to trial if i knew that it was going to be anything higher i would have taken my chances uh i think implies that uh he was in fact prejudiced on top of that and i'm sorry what case law do you say supports that statement your position oh that that's sufficient for prejudice because he thought he would have gotten out at age 50 as opposed to the language in supreme court's language in risley that talks about needing to show innocence or that he would have had a defense at trial well one case law supports your position well i don't have that offhand which i'd be happy to provide it to the court i was merely inferring that from his prior testimony and the fact that it was my understanding i believe that risley applies more to trial than to please you go one step further counsel first you say he would not have entered the plea of want to say he would not have entered that plea of guilty instead he would have set it down for trial at that point then you have to show what was what at trial would have guaranteed or what can you show us today that he would would have been successful at trial well if i may then take a step back and then maybe not even proceeded to trial but certainly not in a span of five or six minutes spoken with his attorney decided okay here's what we got to do uh mr dare spoke to my father um we've just decided now in five minutes to plead guilty so he would not apply guilty to that particular and perhaps would have taken more time as allowed by the court to negotiate or to ask his attorneys to negotiate further and even still would have obtained a clearer idea of the consequences of his of a plea of guilty and that would be all well and good and that a lot of sense but then we come right back to what are we reviewing here we're reviewing what the trial court did and again we're looking at the trial court's reasoning and making the decision that they did thereby weighing the testimony and weighing the credibility of the witnesses that testified before them that's all we have and then i rely on my position that the the credibility wasn't an issue that the judge instead uh should have looked at the totality of the testimony and that's all i have to say thank you very much thank you thank you counsel at this time the court will take the matter under advisement and render a decision in due course court is adjourned for the day thank you